IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY HANSON,

                Plaintiff,                      ORDER

      v.                                    07-cv-539-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

---

       This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g). Because Judge Shabaz will be convalescing from shoulder surgery for a period of not less than sixty days beginning February 1, 2008, I have assumed administration of the cases previously assigned to him, including this one.

       This lawsuit challenges a December 27, 2005 decision by Administrative Law Judge Roger Thomas decision denying two applications filed by plaintiff: 1) his February 27, 2002 application for disability insurance benefits; and 2) his October 31, 2003 application for supplemental security income benefits. AR 27-28. Judge Thomas held a hearing on both applications on November 14, 2005. The record before Judge Thomas was extensive,

1

consisting of numerous administrative documents and more than 1,000 pages of medical records, some of which dated back to 1993.

Before the court is defendant's motion for relief from Judge Shabaz's order of January 25, 2008, granting a motion by plaintiff that the record be made whole. In the motion, plaintiff asserted that a hearing file from a 2001 hearing should have been included in the administrative record filed by defendant. Without hearing from defendant, Judge Shabaz granted the motion and ordered defendant to "file the missing record within 30 days." Order, Jan. 25, 2008, dkt. #14 (text only order).

In his motion for relief from that order, defendant asserts that all of the records identified by Administrative Law Judge Thomas at the November 14, 2005 hearing are included in the administrative record that has been filed with the court. It appears that the hearing file to which plaintiff referred in his motion relates to a previous application for disability insurance benefits that plaintiff filed on March 17, 2000. A hearing on that application was held on November 8, 2001, resulting in a February 6, 2002 determination by Administrative Law Judge Leonard Nelson that plaintiff was disabled for the period from December 7, 1998 through September 1, 2000. In the December 27, 2005 decision on plaintiff's subsequent applications, Administrative Law Judge Thomas gave no consideration to the propriety of Judge Nelson's February 6, 2002 decision but instead treated it as a final decision for which no further review was warranted.

2

In their briefs on the merits, the parties dispute whether Administrative Law Judge Thomas erred in failing to reopen the February 6, 2002 decision. (The origins of this dispute lie in a poorly-worded remand order from the Appeals Council.) From the arguments plaintiff makes in his brief, it is plain that there is more to his "Motion to Order That the Record Be Made Whole" than appears on its face. Plaintiff is not merely asserting that certain records from the administrative proceedings are "missing" from the record filed with the court, as his motion suggests; rather, he is contending that the administrative law judge erred by unduly narrowing the scope of his review. Because this is a substantive objection to the propriety of the administrative law judge's decision as opposed to a procedural objection to the accuracy of the administrative record, defendant's motion will be granted. The court will consider plaintiff's arguments in the course of deciding the merits of his case.

ORDER

IT IS ORDERED that the motion of defendant for relief from the order of January 25, 2008 is GRANTED.  The order of January 25, 2008 is VACATED.

Entered this 27th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4